IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

|  |  |
|---|---|
| POWER DESIGN, INC.<br>11600 Ninth Street, North<br>St. Petersburg, Florida 33716<br><br>    Plaintiff,<br><br>v.<br><br>TOMPKINS BUILDERS, INC.<br>SERVE: HIQ Corporate Services, Inc., R.A.<br>    201 N. Union Street, Ste. 140<br>    Alexandria, VA 22314<br><br>and<br><br>TRAVELERS CASUALTY AND SURETY<br>COMPANY OF AMERICA<br>SERVE: CT Corporation System, R.A.<br>    4701 Cox Road, Suite 301<br>    Glen Allen, VA 23060-6802<br><br>and<br><br>FEDERAL INSURANCE COMPANY<br>SERVE: CT Corporation System, R.A.<br>    4701 Cox Rd., Suite 301<br>    Glen Allen, VA 23060<br><br>and<br><br>FIDELITY AND DEPOSIT COMPANY OF<br>MARYLAND<br>SERVE: Corporation Service Company<br>    11 S. 12th Street<br>    P.O. Box 1463<br>    Richmond, VA 23218<br><br>and | Case No. 2:10cv515<br><br>[FILED stamp: OCT 18 2010<br>CLERK, US DISTRICT COURT<br>NORFOLK, VA] |

| | |
|---|---|
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA<br>SERVE:   Corporation Service Company<br>               11 S. 12th Street<br>               P.O. Box 1463<br>               Richmond, VA 23218<br><br>and<br><br>HUNT BUILDING COMPANY, LTD.<br>SERVE:   Capitol Corporate Services, Inc.<br>               10 S. Jefferson Street<br>               Suite 1400<br>               Roanoke, VA 24011<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR MONEY DAMAGES

Power Design, Inc. (hereafter "PDI"), Plaintiff herein, for its cause of action against the Defendants state as follows:

### COUNT I
(Payment Bond Claim)

### JURISDICTION AND PARTIES

1. Jurisdiction of this action is conferred by 28 U.S.C. § 1333, *et seq* diversity of citizenship, the parties being citizens of different states and the matters in controversy exceeding the sum of $75,000.00, venue is proper in this District as the project is located in the City of Newport News, Virginia.

2. Power Design, Inc. ("PDI") is a Florida corporation with its principal place of business in St. Petersburg, Florida.

3. Tompkins Builders, Inc. ("Tompkins") is a District of Columbia corporation with its principal place of business in the State of New York.

2

4. Travelers Casualty and Surety Company of America ("Travelers") is a Connecticut corporation with its principal place of business in Hartford, CT.

5. Federal Insurance Company ("Federal") is an Indiana corporation with its principal place of business in Warren, NJ.

6. Fidelity and Deposit Company of Maryland ("Fidelity") is a Maryland corporation with its principal place of business in Baltimore, MD.

7. The Insurance Company for the State of Pennsylvania ("ICSP") is a Pennsylvania corporation with its principal place of business in New York, NY.

8. Hunt Building Company, Ltd ("Hunt") is a Texas Limited Partnership with its principal place of business in El Paso, Texas.

## FACTUAL ALLEGATIONS

9. Hunt Building Company, Ltd. entered into a contract with Tompkins which was designated as Contract No. TCCO# 1444500 whereby Tompkins would construct a project known as the Hampton Road Mult PPV located at 9000 Ingersol Street, Norfolk, Virginia (the "Project").

10. The project is part of a privatized military housing development for Navy personnel at Camps Allen and Elmore in Norfolk, Virginia and a five acre site located in the City of Newport News. The property is owned by the United States Government and leased to Hunt.

11. In connection with the work to be performed by Tompkins, Tompkins provided Hunt with a payment bond to secure payment to subcontractors and suppliers on the project.

12. Thereafter, Tompkins engaged PDI to perform certain electrical work on the project.

13. PDI has fully performed its work and obligations under the contract except where the same were waived, prevented or excused by the acts of Tompkins.

14. Tompkins failed to make the payments to PDI for the work performed despite demand therefore, and there is currently due and owing to Plaintiff at least the sum of $887,974.56.

15. Travelers, Federal, Fidelity and ICSP ("the sureties") are the sureties under the above-referenced payment bond and were notified of the default of Tompkins to pay its subcontractor. PDI had a direct contract with Tompkins and therefore was not required to give any written notice to the sureties, but nevertheless did so by letter dated October 13, 2010.

16. A period in excess of 90 days has passed since the last of the work was performed by Plaintiff for which claim has been made and less than one year has elapsed since the work performed by Plaintiff was completed.

17. The Project where the work was performed and where the improvements were constructed is located within the Eastern District of Virginia, in the Norfolk Division.

18. Plaintiff has fulfilled all conditions precedent and requirements to be paid under the aforesaid payment bond and contract including the giving of any required notices by the terms of the bond. More than a reasonable time has passed for the Defendants to pay Plaintiff for the work performed.

19. The total amount currently owed under the contract for work performed on the project by Plaintiff is $887,974.56, for which sum the sureties and Tompkins are jointly and severally liable.

## COUNT II
(Breach of Contract)

20. The allegations of paragraphs 1 through 19 of this Complaint are incorporated herein by reference.

21. Tompkins and PDI entered into a written contract to perform electrical work on the project. The original contract amount was $10,700,000.00. Tompkins approved and authorized change orders in the additional amount of $690,848.00. In addition, Plaintiff submitted proposed change orders (PCO's) to Tompkins for additional work performed which added an additional $303,538.90 to the contract. Tompkins agreed to issue additional change order(s) to cover the PCO's and further increase the contract amount, but failed to do so.

22. Plaintiff completed its work and thereafter included work performed in its billings to Tompkins. Tompkins has paid $10,786,412.34 to Plaintiff for the work it has performed.

23. In connections with the agreement entered into between the parties, Tompkins had certain express and implied obligations including, but not limited to; the obligation to promptly give Plaintiff site access and to properly define and delineate the scope of work; the obligation to properly schedule and coordinate the work; the obligation not to hinder delay or interfere with the work or to make it more costly and expensive; the obligation to detail and provide accurate plans for the work; the obligation to furnish Plaintiff with accurate plans and specifications for the project; the obligation to provide pertinent and material information concerning the work; the obligation to act in good faith; and the obligation to timely pay for work performed (hereafter "contractual obligations").

24.     Tompkins materially breached, varied and abandoned its contractual obligations to Plaintiff resulting in loss, costs and damages both direct and consequential in an amount equal or exceeding $887,974.56 for which sums Tompkins is liable.

### COUNT III
(Quantum Meruit/Unjust Enrichment)

In the alternative to Count II, the undersigned states as follows:

25.     The allegations of paragraphs 1 through 19 are incorporated herein by reference.

26.     Pursuant to the request of Tompkins and Hunt, Plaintiff supplied electrical labor and material to Tompkins and Hunt for the Project upon the condition and understanding that it would be paid the reasonable value of the work and material provided. To the extent there was no enforceable express contract governing the work, and/or any such contract, or is otherwise void or unenforceable, Plaintiff is entitled to recover its costs and the reasonable value of the work and material provided with the expectation that it would be reimbursed therefore.

27.     If not required to pay for the work, Tompkins and Hunt would be unjustly enriched, at the expense of the Plaintiff, by receiving equipment, supplies and materials for the construction of the project without paying a reasonable sum for the same. By using and taking control of the work, materials and equipment supplied by Plaintiff the Defendants, Tompkins and Hunt, have obligated themselves to Plaintiff to pay a reasonable sum for the labor, materials and equipment, as no other party has been paid by Tompkins or Hunt for the work Plaintiff performed.

28.     The reasonable value of the labor and materials supplied by Plaintiff to the project is at least $887,924.56 for which the Defendants Tompkins and Hunt are liable.

WHEREFORE, Plaintiff requests judgment against the Defendants as follows:

A. For judgment against the Defendants Tompkins Builders, Inc., Travelers Casualty and Surety Company, Federal Insurance Company, Fidelity Deposit Company of Maryland and The Insurance Company of the State of Pennsylvania, jointly and severally, pursuant to Count I hereinabove in the sum of $887,974.56 together with interest thereon and costs of suit expended.

B. For judgment against the Defendant Tompkins Builders, Inc. pursuant to Count II herein in the sum of $887,974.56 together with interest thereon, attorneys fees and costs of this proceeding.

C. For judgment against the Defendant Tompkins Builders, Inc. and Hunt Building Company, Ltd., jointly and severally, pursuant to Count III herein in the sum of $887,974.56, together with interest thereon and costs of this proceeding.

D. For such other and further relief as the Court may deem appropriate.

## JURY DEMAND

E. Plaintiff prays for trial by Jury on all issues stated herein.

Respectfully submitted,

_____
Stephen J. Annino, Esq. (VA Bar No. 20551)
Kasimer & Annino, P.C.
7653 Leesburg Pike
Falls Church, VA 22043
TEL: (703) 893-3914
FAX: (703) 893-6944
sannino@kasannlaw.com